UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT R.[1],

     Plaintiff,

                                Case No. 23-10989

v.

                                Hon. George Caram Steeh
COMMISSONER OF             Hon. Kimberly G. Altman
SOCIAL SECURITY,

     Defendant.
_____/

ORDER ADOPTING REPORT AND RECOMMENDATION
(ECF NO. 19), GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 15), AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11)

In this action, Plaintiff is appealing the denial of social security

disability benefits. On August 6, 2024, Magistrate Judge Kimberly G.

Altman issued a report and recommendation proposing that the court grant

the Commissioner of Social Security's motion for summary judgment and

deny Plaintiff's motion for summary judgment. Plaintiff submitted timely

objections, to which the Commissioner responded.

---

[1] On April 3, 2023, the Eastern District of Michigan adopted the recommendation of the Judicial Conference Committee on Court Administration and Case Management to use only the first name and last initial of any non-government parties in the opinions in social security cases.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate

judges, this court "shall make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject

or modify, in whole or in part, the findings or recommendations made by the

magistrate." *Id*.

When reviewing a case under the Social Security Act, the district

court may affirm, modify, or reverse the Commissioner's decision, with or

without remand. *See* 42 U.S.C.  § 405(g). Findings of fact by the

Commissioner are conclusive if supported by substantial evidence. *Id.* The

court "must affirm the Commissioner's decision if it 'is supported by

substantial evidence and was made pursuant to proper legal standards.'"

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation

omitted). "The substantial-evidence standard is met if a 'reasonable mind

might accept the relevant evidence as adequate to support a conclusion.'"

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation

omitted); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[T]he threshold

for such evidentiary sufficiency is not high."). "When deciding under 42

U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision,

we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

<u>ANALYSIS</u>

Plaintiff claims to be disabled based upon the following impairments: anxiety disorder, depressive disorder, schizophrenia, cataracts, and a seizure disorder. After a hearing, the Administrative Law Judge concluded that Plaintiff was not disabled as of the application date. Specifically, although the ALJ determined that Plaintiff had severe impairments, he found Plaintiff's limitations to be moderate and that "Plaintiff had the residual functional capacity to perform a full range of work at all exertion levels," with "non-exertional limitations," such has not working around hazards, commercial driving, or climbing. ECF No. 8-1 at PageID 47. Plaintiff "can remember and carry out simple instructions and make simple work-related decisions. He cannot work at a production rate pace, such as on an assembly line. He can tolerate occasional changes in the routine work setting. He can have occasionally [sic] interaction with coworkers, but

can never interact with the general public." *Id.* Consistent with this residual

functional capacity, a vocational expert testified that Plaintiff is able to

perform jobs such as recycling plant laborer, laundry laborer, and hand

packager.

Plaintiff argues that the ALJ erred by not fully crediting the opinion of

Faith Huyck, his treating psychiatric nurse practitioner, and by not properly

evaluating Plaintiff's subjective symptoms. Magistrate Judge Altman

concluded that the ALJ's decision was supported by substantial evidence.

A. <u>Objection 1</u>

Plaintiff objects to the magistrate judge's conclusion that the ALJ's

treatment of NP Huyck's opinion followed the relevant legal standards and

was supported by substantial evidence. On October 14, 2021, NP Huyck

submitted a mental residual functional capacity assessment, which largely

consisted of a checkbox form. ECF No. 8-1 at PageID 713-15. She

checked boxes assessing several areas of Plaintiff's understanding and

memory, concentration, social interaction, and adaptation as "markedly

limited," the most limited option on the form. (The other options were "not

significantly limited," "moderately limited," "no evidence of limitation in this

category," or "not ratable on available evidence.") She rated Plaintiff as

"markedly limited" in the following areas: the ability to remember locations

and work-like procedures; to carry out detailed instructions; to maintain

concentration and attention for extended periods; to perform activities

within a schedule, maintain regular attendance, and be punctual; to sustain

an ordinary routine without special supervision; to work in coordination with

or in proximity to others without being distracted by them; to complete a

normal workday and workweek without interruptions from psychologically

based symptoms and to perform at a consistent pace without an

unreasonable number and length of rest periods; to interact appropriately

with the general public; to accept instructions and respond appropriately to

criticism from supervisors; to get along with coworkers or peers without

distracting them or exhibiting behavioral extremes; and to travel in

unfamiliar places or take public transportation. ECF No. 8-1 at PageID 713-

15.

NP Huyck provided the following brief explanation of her ratings in the

narrative area of the form: "Extreme anxiety when leaving home, interacting

with others, change in plans. Mood symptoms vary day-to-day a[nd] affect

ability to function socially." *Id.* at PageID 715. The ALJ found NP Huyck's

opinion to be "unpersuasive," explaining that "[t]hese extreme limitations

are not consistent with the claimant's mental status examinations, which

show depressed or anxious mood, some concentration difficulties, reported

hallucinations, generally intact memory, logical and linear thought process, no suicidal ideation, and fair to good judgment and insight." ECF No. 8-1 at PageID 50-51.

As noted by the magistrate judge, the record substantiates the ALJ's finding that NP Huyck's opinion is not consistent with Plaintiff's mental status examinations, including those conducted by NP Huyck herself. For example, just weeks before she assessed Plaintiff as "markedly limited" in several functional areas, she noted that he was "well groomed," "alert and awake," "friendly, engaged, cooperative and appropriate to clinical setting," with "good" eye contact, "sad" affect and mood, "logical/linear" thought process, "appropriate/intact" judgment; "attentive," "without prominent memory concerns," and "without prominent intellectual/executive concerns." ECF No. 8-1 at PageID 733 (dated September 24, 2021).

Plaintiff's generally unremarkable mental status examinations are clearly inconsistent with, and thus do not support, "marked" limitations in areas of memory and concentration as opined by NP Huyck. Her relatively scant narrative does not lend support to these specific limitations, either. Contrary to Plaintiff's argument, the ALJ sufficiently addressed the consistency and supportability of NP Huyck's opinion as required by 20 C.F.R. § 404.1520c(b)(2). As the magistrate judge concluded, "the ALJ

adequately considered the supportability of Nurse Huyck's opinion even if

he did not specifically use that term in his analysis." ECF No. 19 at PageID

977; *see, e.g., Hague v. Comm'r of Soc. Sec.*, 2022 WL 965027, at *4 (E.D.

Mich. Mar. 30, 2022) ("[A]lthough the ALJ in this case did not name the

factors of 'supportability' and 'consistency' in her analysis of Dr. Bray's

opinions, her explanation aligns with these factors."); *Kraig v. Kijakazi*, 2022

WL 4232692, at *8 (N.D. Ohio Sept. 14, 2022) (although a coherent and

logical explanation of the supportability and consistency factors is required,

"an ALJ need not specifically use 'magic words' (such as the terms

'supportability' or 'consistency') in his or her analysis").

Plaintiff argues that the ALJ did not analyze "what evidence Nurse

Practitioner Huyck based her opinion on, and explanation of why that

evidence failed to substantiate her opinion." But given the checkbox format

of NP Huyck's opinion, an extensive analysis of its supportability was not

required. The Sixth Circuit has "characterized an opinion expressed in a

check-box form, without any further explanation to support the treating

physician's conclusions, as 'weak evidence' and have concluded that such

an opinion meets the patently deficient standard." *Pruitt v. Comm'r of Soc.*

*Sec.*, 2022 WL 4517094, at *4 (6th Cir. Sept. 28, 2022) (citing *Hernandez v.*

*Comm'r of Soc. Sec.*, 644 Fed. Appx. 468, 474-75 (6th Cir. 2016)). Under

the circumstances, the ALJ's explanation that NP Huyck's opinion was not

consistent with Plaintiff's mental status examinations sufficiently addressed

the consistency and supportability factors. Throughout his decision, the ALJ

summarized Plaintiff's mental status examinations and the opinions of other

providers, concluding that the evidence supported moderate limitations in

memory, interacting with others, and concentration. ECF No. 8-1 at PageID

46-47. By implication, his explanation of the supportability of these

moderate limitations also addresses the lack of support for more extreme

limitations advocated by NP Huyck. *See Zirker v. Comm'r of Soc. Sec.*, No.

21-12440, 2023 WL 2301998, at *3 (E.D. Mich. Mar. 1, 2023) (noting that

"the ALJ's articulation of the persuasiveness of a medical source opinion is

not to be read in isolation of the rest of the decision" and "[i]t would be a

needless formality to have the ALJ repeat substantially similar factual

analysis in different parts of the decision") (citation omitted).

Plaintiff argues that evidence in the record supports NP Huyck's

opinions, including her treatment notes and his numerous medications and

medication adjustments. The ALJ considered these treatment notes, which

were cited several times in his decision, and acknowledged that Plaintiff

"takes Klonopin, Depakote, and Latuda for his mental impairments." ECF

No. 8-1 at PageID 48. When assessing Plaintiff's mental impairments, the

ALJ noted that "[t]here is no evidence of exacerbations requiring inpatient hospitalizations or significant medication adjustments." *Id.* at PageID 47. Plaintiff takes issue with the ALJ's characterization of his medication adjustments as not "significant," and argues that his medications and medication adjustments support NP Huyck's opinions. However, in this regard Plaintiff is essentially asking the court to re-weigh evidence considered by the ALJ, which it cannot do. "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

In sum, the magistrate judge provided a thorough analysis, concluding that the ALJ adhered to the proper legal standards and that his decision is supported by substantial evidence. Plaintiff has not demonstrated that the magistrate judge erred in this regard.

B. <u>Objection No. 2</u>

Plaintiff also objects that the ALJ erred in evaluating his subjective symptoms. The ALJ concluded that while Plaintiff's impairments could be expected to cause his alleged symptoms, the reported intensity, persistence, and limiting effects of his symptoms was not consistent with the medical and other evidence in the record. Plaintiff argues that the ALJ

did not provide an explanation of why Plaintiff's account of his symptoms was not credible. However, the ALJ specifically contrasted Plaintiff's reported symptoms with his largely unremarkable mental status exams, as well as the psychological consultative examination undertaken by Kathryn Pekrul. ECF No. 8-1 at PageID 48-49. Contrary to Plaintiff's characterization of the ALJ's explanation as "boilerplate," the ALJ provided his reasoning for discounting Plaintiff's reported symptoms, which is supported by substantial evidence in the record. As Plaintiff has not identified the error in the magistrate judge's analysis, his objection is unavailing.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Altman's report and recommendation (ECF No. 19) is ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 11) is DENIED and Defendant's motion for summary judgment (ECF No. 15) is GRANTED.

Dated: September 18, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on September 18, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk